# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ROCK HILL DIVISION

| | |
|---|---|
| Tina Shena Hamilton, ) | |
| ) | |
| ) | Civil Action No.: 0:20-cv-01434-JMC |
| Plaintiff, ) | |
| ) | |
| v.     ) | **ORDER** |
| ) | |
| ) | |
| Andrew M. Saul, Commissioner of Social ) | |
| Security Administration, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on December 21, 2020. (ECF No. 14.) The Report addresses Plaintiff Tina Shena Hamilton's ("Plaintiff") claim for Disability Insurance Benefits ("DIB"). (*Id.* at 1.) The Report recommends that the court reverse the decision of the Commissioner of Social Security Administration ("the Commissioner") and remand the matter for further administrative proceedings. (*Id.* at 7.) For the reasons stated herein, the court **ACCEPTS** the Report, **REVERSES** the decision of the Commissioner, and **REMANDS** the action for additional administrative proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards, which this court incorporates herein without a full recitation. (*Id.* at 1-4.) As brief background, the Administrative Law Judge ("ALJ") determined Plaintiff was not disabled for purposes of the Social Security Act ("the Act") and denied Plaintiff's claim for DIB. (*Id.* at 2.) Although the ALJ found Plaintiff had "osteoarthritis in both knees, status-post left wrist surgery, degenerative disc disease, chronic obstructive

1

pulmonary disease (COPD), fibromyositis, fibromyalgia[,] and depression[,]" the ALJ nonetheless concluded Plaintiff had the residual functional capacity ("RFC") to perform light work (*Id.*)

Thereafter the Appeals Council ("the Council") denied Plaintiff's request for review. (ECF No. 9-2 at 2-7.) Thus, the ALJ's decision became the final decision of the Commissioner. (*Id.*) *See also Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action in April 2020. (ECF No. 1.)

Subsequently, the Magistrate Judge issued the Report suggesting this case be reversed and remanded because the ALJ inappropriately discounted Plaintiff's subjective complaints. (ECF No. 14 at 7.) In particular, the Magistrate Judge began by outlining the two-step process an ALJ is required to apply in order to evaluate subjective complaints. (*Id.* at 4 (citing *Craig v. Chater*, 76 F.3d 585, 594-95 (4th Cir. 1996)).) The Magistrate Judge emphasized an ALJ cannot disregard "longstanding precedent and the agency's own policy by improperly discounting [an applicant's] subjective complaints of pain and fatigue, based largely on the lack of objective evidence substantiating her statements." (ECF No. 14 at 4-5 (quoting *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 95-96 (4th Cir. 2020)). Thereafter, the Magistrate Judge concluded the ALJ committed this precise error by discounting Plaintiff's subjective complaints due to a lack of objective evidence. (ECF No. 14 at 5.) The Magistrate Judge stressed that complaints of pain cannot simply be discounted due to a lack of objective evidence, instead requiring some inconsistency in the record concerning the impairment or pain level alleged. (*Id.* at 6 (citation omitted).) The Magistrate Judge continued that the ALJ seemed "to have cherry-picked the

objective evidence concerning Plaintiff's fatigue," citing to various instances in the record for support. (*Id.*) Based upon these issues, the Magistrate Judge suggested remanding this matter "for further consideration of Plaintiff's subjective complaints of pain and fatigue in accordance with the applicable standards." (*Id.* at 7.)

The parties were apprised of their opportunity to file specific objections to the Report. (*Id.* at 8.) In January 2021, the Commissioner informed the court he would not offer objections. (ECF No. 15.) Plaintiff has similarly not objected to the Report.

## II. STANDARD OF REVIEW

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge only makes a recommendation to this court, and the recommendation has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The responsibility to make a final determination remains with the court. *Id.* at 271. As such, the court is charged with making *de novo* determinations of those portions of the Report and Recommendation to which specific objections are made. *See* 28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(3). If no party offers specific objections to the Magistrate Judge's Report, the court is not required to give any explanation for adopting the Report. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis added) (quoting FED. R. CIV. P. 72 advisory committee's note). Furthermore, a failure to file specific, written objections to the Report results in a party's waiver of the right to appeal from the judgment of the court based upon such recommendation. 28 U.S.C. § 636(b)(1). Thus, the court may accept,

reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *Id.*

### III. DISCUSSION

Here, the court has carefully examined the findings of the Report and concludes the ALJ's decision was not supported by substantial evidence. (ECF No. 14 at 4-7.) The Commissioner notified the court he will not file objections (ECF No. 15) and Plaintiff has likewise offered no objections. The court discerns no clear error on the face of the Report. Accordingly, the court adopts the Report herein.

### IV. CONCLUSION

After a thorough review of the Report and the record in this case, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 14) and incorporates it herein. Therefore, the decision of the Commissioner of Social Security Administration is **REVERSED**, and this case is **REMANDED** for further administrative action pursuant to sentence four of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

April 22, 2021
Columbia, South Carolina

4